**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA HUNTINGTON**

**UNITED STATES OF AMERICA**

**v.** **CRIMINAL NO. 3:25-cr-000132**

**MARLON LEFTWICH**

**UNITED STATES' SENTENCING MEMORANDUM**

Now comes the United States of America, by Gabriel Price, Assistant United States Attorney for the Southern District of West Virginia and submits this memorandum in aid of sentencing.

Pursuant to a plea agreement, defendant Marlon Leftwich pled guilty to Count One of a two-count indictment. Count One charged him with the offense of production of child pornography, a violation of 18 U.S.C. § 2251(a) and 2251(e). That offense provides for a minimum term of imprisonment of 15 years and a maximum term of 30 years. In addition to the term of incarceration, a fine not to exceed $250,000, a term of supervised release of not less than five years to life, a special assessment of $100 and $5000, and an order of restitution. The plea agreement in this case contains an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) in which both parties agree that a term of imprisonment between 210 months and 262 months is the appropriate disposition in this case.

## I. OBJECTIONS TO THE PRESENTENCE REPORT

The United States has no objection to the Presentence Report.

The defendant objects to the 5-level enhancement under § 4B1.5(b) based on a pattern of activity. The defendant's objection is based on whether the evidence is sufficient to support a finding that the two videos that were made were separated by a sufficient gap to show that they constitute "separate occasions". Whether the two videos in this case constitute separate occasions

is a fact specific inquiry. This case demonstrates a very close call. Due to the limitation in the metadata of the videos, the evidence is not specific as to the timing of when the videos were recorded. The facts that support a finding of the videos being separate occasions are the changing of the shirt of the victim, and the moving from the bedroom to the bathroom. However, the bathroom is connected to the bedroom. Additionally, during the forensic interview, the victim could only personally remember a single incident sexual abuse happening one time. The victim's recollection, albeit almost a decade later, would weigh in favor of finding that both videos were part of a single ongoing occasion. The United States is in agreement with the response of the probation officer that separate occasions of sexual abuse can occur within a very short time of each other and that timing alone is not dispositive of this analysis. However, the facts of this case, especially with the length of delay between the offense and the discovery of the videos, make it very difficult to determine whether these two videos were part of a single ongoing occasion or separate occasions. While the United States does not join the defendant's objection, it does concede that the facts make it difficult to show by a preponderance of the evidence that the defendant engaged in a pattern of activity pursuant to § 4B1.5(b).

The defendant also objects to the assessment of the $5000 special assessment based on a claim of indigency. The United States opposes that objection. Circuit courts across the country have held that defendants bear the burden of proving indigency for purposes of § 3014. In determining whether to impose the special assessment under § 3014, "the burden of raising and establishing indigency falls squarely in the defendant's lap." *United States v. Meek*, 32 F.4th 576, 583 (6th Cir. 2022), citing *United States v. Wandahsega*, 924 F.3d 868, 889–90 (6th Cir. 2019) (holding that, like a fine under the Sentencing Guidelines, "the defendant bears the burden of proving indigency"); see also *United States v. Shover*, 2021 U.S. App. LEXIS 27535 at *7 (3d. Cir. Sept. 14, 2021) ("[I]t is a defendant's burden to show the fact of indigency in the § 3014

context."). While the Fourth Circuit has not made such an explicit pronouncement in a published opinion, it has cited favorably to such holdings in other circuits. See *United States v. Knowles*, 770 F. App'x 125, 126 (4th Cir. 2019), citing *United States v. Kelley*, 861 F.3d 790, 800 n.5 (8th Cir. 2017); see also *United States v. Jeffrey-Moe*, 2023 U.S. App. LEXIS 14000, at *12 (4th Cir. June 6, 2023).

This Circuit has joined several other circuits in concluding that future earnings potential may properly be considered when determining indigency. *United States v. McMiller*, 954 F.3d 670, 675 (4th Cir. 2020); see also *United States v. Shepherd*, 922 F.3d 753, 758–59 (6th Cir. 2019); *United States v. Graves*, 908 F.3d 137, 141 (5th Cir. 2018), *as revised* (Nov. 27, 2018); *Kelley*, 861 F.3d at 802. Under § 3014(g), a defendant's obligation to pay extends for at least 20 years following the date of the defendant's release from prison. *McMiller*, 954 F.3d at 675. Accordingly, "it would make little sense for the district court to consider only the defendant's financial condition at the time of sentencing." *Shepherd*, 922 F.3d at 758.

Courts have consistently found that qualifying for appointed counsel is insufficient to demonstrate indigency. See, e.g., *Graves*, 908 F.3d at 143; *Kelley*, 861 F.3d at 800; *Shepherd*, 922 F.3d at 759. The standard for qualifying for court-appointed counsel is less than indigency. *Wandahsega*, 924 F.3d at 889. This difference is "a matter of common sense: a criminal defendant might be unable to pay a six-figure legal bill and yet still possess the means of subsistence." *Shepherd*, 922 F.3d at 759 (also noting that, while qualifying for appointed counsel can be "probative" in determining indigency, "all indigent defendants might be financially unable to obtain adequate legal counsel, [but] the inverse is not necessarily true").

In this case, the defendant was receiving income from Social Security Disability and VA benefits. While the benefits will be suspended while incarcerated, they will resume upon release. The defendant's future income capacity after release would indicate that he would be able to pay

the $5,000 special assessment. Additionally, the defendant's arguments that any future income should be better left for payments of his restitution obligations fails to consider the order of priority under 18 U.S.C. § 3014(b). Under the statute, all other financial obligations, including restitution and fines, are to be satisfied prior to any payment towards the $5,000 special assessment. Because any restitution would be required to be paid before the special assessment, the defendant's argument that any of the defendant's funds would be better left for payment of the restitution is without merit.

## II. Nature and Circumstances of the Offense and the History and Characteristics of the Offender

### (A) Nature and Circumstances of the Offense

Law enforcement identified the defendant using peer-to-peer software to share child pornography. Law enforcement obtained and executed a search warrant for the defendant's residence seizing several electronic devices and memory cards. Upon review of the electronic evidence, law enforcement found two videos produced by the defendant which depicted the defendant engaging in sexual conduct with a minor child. The nature and circumstances of the offense that the defendant pled guilty to are disturbing. The videos show a very young child being directed by the defendant to engage in sexual conduct. Additionally, the relationship between the defendant and victim adds to the egregious nature of the offense. The vulnerability of the victim also makes the offense more disturbing. This factor weighs heavily in favor of a sentence of 262 months, the top of the range agreed upon by the parties.

### (B) History and Characteristics of the Offender

Although the defendant has a minimal criminal history consisting of two convictions for driving under the influence in the years 2002 and 2012, that does not fully describe his history and characteristics. When interviewed by law enforcement during the search of his residence, the

defendant admitted that he had been downloading and viewing child pornography for an extended period of time. The defendant admitted that he would amass a large amount of child pornography and then he would delete or purge it and then start over. The defendant admitted that he purged his child pornography two times since he began downloading it in 2022. Although the defendant denied that he ever had any hands-on offenses involving children, that turned out to be false based on the two videos that he produced. The videos were produced in 2016, and the defendant continued to commit offenses involving children between at least sometime in 2022 and the execution of the search warrant in June of 2025. This factor also weighs in favor of a sentence of 262 months.

## III. The Need for the Sentence to Reflect the Seriousness of the Offense, To Promote Respect for the Law, and To Provide Just Punishment for the Offense

The serious nature of the offense in this case justifies a sentence at the top of the agreed sentencing range. The defendant possessed a very large quantity of images of child pornography. There were over 600 videos of child pornography, 59 images and sever "other files" identified. There were a total of 209 identified series found with known victims. The number of children that were victimized by the defendant's conduct and the location of the children in those series spanning the world supports a sentence of 262 months.

## VI. Conclusion

The United States submits that a sentence at the top of the agreed imprisonment range would be sufficient but not greater than necessary to comply with the purposes of sentencing. The United States respectfully requests that this Court sentence the defendant to a term of 262 months followed by a lifetime of supervised release.

The United States does not intend to call any witnesses at sentencing and believes the sentencing hearing can be conducted in thirty minutes.

Respectfully submitted,

MOORE CAPITO
United States Attorney

By: s/ Gabriel Price
GABRIEL C. PRICE
Assistant United States Attorney
WV State Bar No. 14671
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Phone: 304-345-2200
Fax: 304-347-5104
E-mail: gabe.price@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "UNITED STATES' SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 28th day of September 2026, to:

Wesley Page
Federal Public Defenders Office
300 Virginia Steet, East, Room 3400
Charleston, WV 25301

s/ Gabriel Price
GABRIEL C. PRICE
Assistant United States Attorney
WV State Bar No. 14671
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Phone: 304-345-2200
Fax: 304-347-5104
E-mail: gabe.price@usdoj.gov